UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| T.V. SESHAN, M.D., P.C., <br><br> Plaintiff, <br><br> -against- <br><br> ELEVANCE HEALTH, INC. f/k/a ANTHEM, INC., <br><br> Defendant. | Index No.: <br><br> **COMPLAINT** |

Plaintiff T.V. Seshan, M.D., P.C., ("Plaintiff"), by and through its attorneys, Gottlieb & Greenspan, LLC, by way of Complaint against Elevance Health, Inc. f/k/a Anthem, Inc., alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a medical provider with a principal place of business at 399 Knollwood Road, Suite 108, White Plains, New York 10603.

2. Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the State of New York.

3. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331-1332 as all plaintiffs are diverse from all defendants and the amount in controversy exceeds $75,000.00. This Court also has subject matter jurisdiction under the Federal No Surprises Act ("NSA"), which creates for medical providers a direct, federal right to payment from insurers and health plans of the amount an Independent Dispute Resolution ("IDR") entity determines is owed for the medical services provided. *See* 42 U.S.C. § 300gg-111(c)(6). This amount must be paid within thirty days of the determination. *Id.*

4. Venue is proper in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to this action occurred within this district.

## FACTUAL BACKGROUND

5. The NSA became effective January 1, 2022. It is implemented and enforced by the combined efforts of the U.S. Departments of Labor, Health and Human Services, and the Treasury (the "Departments"), which together created a mandatory federal dispute resolution process to determine pricing for medical services rendered by out-of-network ("OON") medical providers for individuals who are covered by commercial insurance.

6. Under the NSA, a health plan has thirty (30) days from the date the bill is transmitted by the provider to pay or deny the claim. 42 U.S.C. § 300gg-112(a)(3)(A-B). Insurers are allowed to initially pay the OON provider what the law refers to as a Qualifying Payment Amount ("QPA"). If the provider does not accept the QPA as payment in full, the provider may initiate an "open negotiation period" to attempt to negotiate a higher amount. *Id.* § (b)(1)(A). If the negotiations fail, the provider may initiate the IDR process. *Id.* § (b)(1)(B).

7. The IDR process requires both parties to submit position statements and proposed offers of payment for the services at issue to a third-party IDR entity. *Id.* § (b)(5)(B)(i)(I). The IDR entity then evaluates both proposed offers based on several statutory factors and selects one as the appropriate OON payment for the services provided. *Id.* § (b)(5)(C). After an IDR determination, the health plan is required to pay any amount owed **within thirty (30) days**. *Id.* § (c)(6).

**Patient V.L. – DISP-1424797**

      8.      On October 31, 2023, Neil Perlman, MD, ("Dr. Perlman") an employee of Plaintiff, provided medical treatment for an individual identified as V.L. ("Patient V.L.") at White Plains Hospital, located in White Plains, New York.

      9.      At the time of treatment, Patient V.L. was the beneficiary of a health plan issued and/or administered by Defendant.

      10.      However, since the services were rendered emergently/inadvertently, the patient's out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

      11.      After treating Patient V.L., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under the following Current Procedural Terminology ("CPT") codes;

      a. $6,000.00 for CPT code 95861-26;

      b. $11,132.00 for CPT code 95938-26;

      c. $6,000.00 for CPT code 95941; and

      d. $5,817.00 for CPT code 95955-26.

      12.      In response to Plaintiff's HCFA, Defendant allowed the following payments:

      a. $80.02 for CPT code 95861-26;

      b. $43.94 for CPT code 95938-26;

      c. $127.57 for CPT code 95941; and

      d. $49.94 for CPT code 95955-26.

      13.      Because the dispute was not resolved during the negotiation period, Plaintiff initiated arbitration called for by the NSA.

14. On November 17, 2024, the arbitrator ruled in Arbitration Dispute DISP-1424797 as follows:

    a. determined that Defendant's final offer of $189.76 was the appropriate out-of-network payment for CPT code 95938-26 *See* **Exhibit A**, attached hereto;

    b. determined that Defendant's final offer of $382.23 was the appropriate out-of-network payment for CPT code 95861-26. *Id.*;

    c. determined that Defendant's final offer of $162.05 was the appropriate out-of-network payment for CPT code 95941. *Id.*; and

    d. awarded Plaintiff $3,532.90 for CPT code 95955-26, amounting to an additional $3,482.96 over Defendant's initial payment.

15. Pursuant to the NSA, the arbitration award under DISP-1424797 is legally "binding upon the parties involved." 42 U.S.C. § 300gg-111(c)(5)(E)(i)(I).

16. Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was December 17, 2024.

17. As of the date of this Complaint, 335 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

18. For DISP-1424797, Defendant has failed to pay $4,217.00, which is currently due and owing.

**Patient R.C.-DISP-1516080**

19. On December 28, 2023, Dr. Perlman, provided medical treatment for an individual identified as R.C. ("Patient R.C.") at Phelps Memorial Hospital located in Sleepy Hollow, New York.

20. At the time of treatment, Patient R.C. was the beneficiary of a health plan issued and/or administered by Defendant.

21. However, since the services were rendered emergently/inadvertently, the patient's out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

22. After treating Patient R.C., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the procedure, itemized under the following CPT codes:

   a. $6,000.00 for CPT code 95861-26-59;

   b. $12,000.00 for CPT code 95870-26;

   c. $11,132.00 for CPT code 95938-26;

   d. $12,000.00 for CPT code 95941; and

   e. $5,817.00 for CPT code 95955-26.

23. In response to Plaintiff's HCFA, Defendant allowed the following payments:

   a. $265.02 for CPT code 95861-26-59;1,026.

   b. $127.52 for CPT code 95870-26;

   c. $147.61 for CPT code 95938-26;

   d. $1,026.24 for CPT code 95941; and

   e. $173.35 for CPT code 95955-26.

24. Because the dispute was not resolved during the negotiation period, Plaintiff initiated arbitration called for by the NSA.

25. On November 30, 2024, the arbitrator ruled in Arbitration Dispute DISP-1516080 as follows:

   a. awarded Plaintiff $9,152.00 for CPT code 95870, amounting to an additional $9,024.48 over Defendant's initial payment. *See* **Exhibit B**, attached hereto;

   b. awarded Plaintiff $9,163.34 for CPT code 95941, amounting to an additional $8,137.10 over Defendant's initial payment. *Id.*;

  c. awarded Plaintiff $10.559.00 for CPT code 95938, amounting to an additional $10,411.39 over Defendant's initial payment. *Id.*;

  d. awarded Plaintiff $3,532.90 for CPT code 95955, amounting to an additional $3,359.55 over Defendant's initial payment. *Id.*; and

  e. awarded Plaintiff $4,301.00 for CPT code 95861, amounting to an additional $4,035.98 over Defendant's initial payment. *Id.*

26. Pursuant to the NSA, the arbitration award under DISP-1516080 is legally "binding upon the parties involved." 42 U.S.C. § 300gg-111(c)(5)(E)(i)(I).

27. Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was December 30, 2024.

28. As of the date of this Complaint, over 320 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

29. For DISP-1516080, Defendant has failed to pay $34,968.50, which is currently due and owing.

**Patient M.C.-DISP-1296241**

30. On November 8, 2023, Kathryn Elliot, M.D., provided medical treatment for an individual identified as M.C. ("Patient M.C.") at Lenox Health Greenwich Village, located in New York, New York.

31. At the time of treatment, Patient M.C. was the beneficiary of a health plan issued and/or administrated by Defendant.

32. However, since the services were rendered emergently/inadvertently, the patient's out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

33. After treating Patient M.C., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the procedure itemized under the following CPT codes:

    a. $2,504.50 for CPT code 92653;

    b. $11,132.00 for CPT code 95938-26;

    c. $12.000.00 for CPT code 95941; and

    d. $5,817.00 for CPT code 95955.

34. In response to Plaintiff's HCFA, Defendant allowed payment as follows:

    a. $74.41 for CPT code 92653;

    b. $47.79 for CPT code 95938-26;

    c. $324.10 for CPT code 95941; and

    d. $56.18 for CPT code 95955.

35. Because the dispute was not resolved during the negotiation period, Plaintiff initiated arbitration called for by the NSA.

36. On December 13, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1296241, awarding Plaintiff as follows:

    a. $9,094.96 for CPT code 95941, amounting to an additional $8,770.86 over Defendant's initial payment. *See* **Exhibit C**, attached hereto;

    b. $9,178.00 for CPT code 95938, amounting to an additional $9,130.21 over Defendant's initial payment. *Id.*;

    c. $3,532.90 for CPT code 95955, amounting to an additional $3,476.72 over Defendant's initial payment. *Id.;* and

    d. $2,504.50 for CPT code 92653, amounting to an additional $2,430.09. *Id.*

37. Pursuant to the NSA, the arbitration award under DISP-1296241 is legally "binding upon the parties involved." 42 U.S.C. § 300gg-111(c)(5)(E)(i)(I).

38. Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was January 12, 2025.

39. As of the date of this Complaint, over 305 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

40. For DISP-1296241, Defendant has failed to pay $23,807.88, which is currently due and owing.

**Patient C.F.-DISP-1751208**

41. On March 25, 2024, Gil Wolfe, M.D., provided medical treatment for an individual identified as C.F. ("Patient C.F.") at White Plains Hospital, located in White Plains, New York.

42. At the time of treatment, Patient C.F. was the beneficiary of a health plan issued and/or administered by Defendant.

43. However, since the services were rendered emergently/inadvertently, the patient's out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

44. After treating Patient C.F., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the procedure itemized under the following CPT codes:

    a. $12,000.00 for CPT code 95870-26;

    b. $11,132.00 for CPT code 95938-26;

    c. $16,579.25 for CPT code 95939-26;

    d. $12,000.00 for CPT code 95941;

    e. $5,817.00 for CPT code 95955-26; and

    f. $1,500.00 for CPT code 95999.

45. In response to Plaintiff's HCFA, Defendant allowed the following payments:

    a. $592.48 for CPT code 95870-26;

    b. $917.28 for CPT code 95938-26;

    c. $2,324.28 for CPT code 95939-26;

    d. $5,870.00 for CPT code 95941;

    e. $2,230.74 for CPT code 95955-26; and

    f. $750.00 for CPT code 95999.

46. Because the dispute was not resolved during the negotiation period, Plaintiff initiated arbitration called for by the NSA.

47. On December 6, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1751208 as follows:

    a. awarded Plaintiff $16,547.91 for CPT code 95939, amounting to an additional $14,223.63 over Defendant's initial payment. *See* **Exhibit D**, attached hereto;

    b. awarded Plaintiff $9,152.00 for CPT 95870, amounting to an additional $8,559.52 over Defendant's initial payment. *Id.*;

    c. awarded Plaintiff $9,163.40 for CPT code 95941, amounting to an additional $3,293.40 over Defendant's initial payment. *Id.*;

    d. awarded Plaintiff $10,559.00 for CPT code 95938, amounting to an additional $9,641.72 over Defendant's initial payment. *Id.*;

    e. awarded Plaintiff $3,532.90 for CPT code 95955, amounting to an additional $1,302.16 over Defendant's initial payment. *Id.*; and

    f. awarded Plaintiff $1,500.00 for CPT code 95999, amounting to an additional $750.00 over Defendant's initial payment. *Id.*

48. Pursuant to the NSA, the arbitration award under DISP-1751208 is legally "binding upon the parties involved." 42 U.S.C. § 300gg-111(c)(5)(E)(i)(I).

49. Defendant failed to issue the arbitration payments to Plaintiff even though its deadline to do so was January 5, 2025.

50. As of the date of this Complaint, 315 days have elapsed since Defendant's deadline, to submit the award payments to Plaintiff for DISP-1751208.

51. For DISP-1751208, Defendant has failed to pay $37,770.43, which is currently due and owing.

**Patient M.C.-DISP-2044505**

52. On June 16, 2024, Brian Ahuja, M.D., provided medical treatment for an individual identified as M.C. ("Patient M.C.") at Westchester Medical Center, located in Valhalla, New York.

53. At the time of treatment, Patient M.C. was the beneficiary of a health plan issued and/or administered by Defendant.

54. However, since the services were rendered emergently/inadvertently, the patient's out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

55. After treating Patient M.C., Plaintiff submitted a HCFA medical bill to Defendant seeking $5,817.00 for the procedures itemized under CPT code 95955.

56. In response to Plaintiff's HCFA, Defendant allowed payment of $2,695.41 for CPT code 95955.

57. Because the dispute was not resolved during the negotiation period, Plaintiff initiated arbitration called for by the NSA.

58. On December 9, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-2044505, awarding Plaintiff $5,817.00, amounting to an additional $3,121.59 over Defendant's initial payment. *See* **Exhibit E**, attached hereto.

59. Pursuant to the NSA, the arbitration award under DISP- 2044505 is legally "binding upon the parties involved." 42 U.S.C. § 300gg-111(c)(5)(E)(i)(I).

60. Defendant failed to issue the arbitration payments to Plaintiff even though its deadline to do so was January 8, 2025.

61. As of the date of this Complaint, over 310 days have elapsed since Defendant's deadline, to submit the award payments to Plaintiff for DISP- 2044505.

62. For DISP- 1818001, Defendant has failed to pay $3,121.59, which is currently due and owing.

63. Plaintiff has been damaged in the total amount of $103,885.40 and continues to suffer damages in the operation of its medical practice.

64. The IDR determinations concern health plans insured and/or administered by Defendant. For each of the services provided, Defendant failed to make an adequate payment on the claim. Defendant does not disclose any information regarding its plans during the IDR process or on the Explanation of Payment/Benefits provided. Upon information and belief, the patients assigned to Plaintiff the benefits under their health plans. Furthermore, the NSA created a right for out-of- network providers to be paid directly by payors such as Defendant.

65. Despite the legal requirement that it pay the additional amounts owed within 30 days, Defendant has failed to do so. As of the filing of this Complaint, the amount awarded, unpaid and past due by Defendant is $103,885.40. Plaintiff seeks herein all unpaid, past due amounts as of the date the Court issues judgment, including interest, penalties and collection costs.

66. Moreover, Defendant's failure to timely pay the IDR determinations was an abuse of discretion. Plaintiff has suffered damages because of the nonpayment, including interest on the amounts owed and collection costs.

67. In addition, Defendant has been unjustly enriched by retaining Plaintiff's funds and generating interest or investment income.

## COUNT ONE

### ACTION FOR NONPAYMENT OF IDR DETERMINATION
### (42 U.S.C. § 300GG-112(B)(6))

68. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 67 of the Complaint as though fully set forth herein.

69. The NSA states that a determination of a certified IDR entity "shall be binding upon the parties involved" and that payment "shall be made directly to the nonparticipating provider not later than 30 days after the date on which such determination is made." *See* 42 U.S.C. 300gg-111(c)(5)(E), 112(b)(6). Thirty days passed without payment for all the IDR determinations at issue herein. Defendant has not challenged the awards. It simply refuses to pay them.

70. Plaintiff is entitled to have the IDR determination converted into a federal judgment and the assistance of this Court in post-judgment collection efforts. It is further entitled to pre-judgment interest from the 31st day after each award was entered until the date judgment is entered and post-judgment interest thereafter until the judgment is satisfied.

## COUNT TWO

### PLAINTIFF SEEKS RELIEF IN ACCORDANCE WITH 9 U.S. CODE § 9

71. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 70 of the Complaint as though fully set forth herein.

72. The FAA, 9 U.S. CODE § 9, provides that, if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order.

73. In this case, while the parties do not have an agreement that a judgment of the court shall be entered upon the arbitration awards at issue, the binding arbitration awards were issued pursuant to the Federal No Surprises Act. 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

74. Indeed, courts have held that Federal courts have authority to confirm arbitration awards issued pursuant to the NSA under the FAA, 9 U.S.C. § 9. *See, e.g.*, *Guardian Flight LLC v. Aetna Life Ins. Co,* No. 3:24-cv-00680-MPS, 2025 WL 1399145 (D. Conn. May 14, 2025) (holding the NSA creates a private cause of action to enforce IDR awards); *Worldwide Aircraft Servs. Inc. v. Worldwide Ins. Servs., LLC*, No. 8:24-CV-840-TPB-CPT, 2024 WL 4226799 (M.D. Fla. Sep. 18, 2024) (granting a cross-motion to confirm an NSA award); *GPS of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield*, No. CV226614KMJBC, 2023 WL 5815821 (D.N.J. Sept. 8, 2023) (granting Horizon Blue Cross & Blue Shield's cross-motion to confirm an NSA entity award under 9 U.S.C. § 9 because the language of the NSA indicates the NSA award is "final and binding" and, by invoking Section 10(a) of the Federal Arbitration Act, the NSA "gives the court the authority to confirm the award").

75. It is against equity and good conscience to deprive Plaintiff of a remedy to enforce "binding" arbitration awards issued in accordance with federal law.

76. Accordingly, Plaintiff brings this action for an Order confirming the applicable arbitration Awards as follows:

    a. DISP-1424797, issued November 17, 2024;

    b. DISP-1516080, issued November 30, 204;

    c. DISP-1296241, issued December 13, 2024;

    d. DISP-1751208, issued December 6, 2024; and

    e. DISP-2044505, issued December 9, 2024.

## COUNT THREE

### IMPROPER DENIAL OF BENEFITS
### (ERISA SECTION 502(A)(1)(B), 29 U.S.C. § 1332(A)(1)(B))

77. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 76 of the Complaint as though fully set forth herein.

78. Upon information and belief, Plaintiff has been assigned the right to payment and benefits from Defendant's insured. Accordingly, Plaintiff steps into the shoes of, and is now considered an ERISA beneficiary pursuant to 29 U.S.C. § 1002(8) for the employer-based, ERISA governed plan Defendant is administering. As a beneficiary, Plaintiff is entitled to plan benefits and has standing to bring claims under ERISA. Defendant is responsible for NSA compliance for the plans it administers. Plaintiff is entitled to recover payment of plan benefits from Defendant per the IDR determination.

79. Payment of out-of-network benefits in accordance with the NSA is a benefit of all ERISA plans providing coverage for surprise or inadvertent services as defined by the NSA. It is Defendant's responsibility to administer that benefit for the ERISA plans it administers. Open negotiations, the IDR process, including submitting position statements, and paying IDR awards from plan funds is what Defendant has agreed to do for plan beneficiaries in connection with administering their benefit plans. Thus, when Defendant violates the NSA through its nonpayment of IDR awards for surprise or inadvertent medical services, it breaches its obligations to the employer-based plans it administers and to the plan beneficiaries.

80. Defendant improperly denied plan benefits by failing to pay the IDR awards within thirty (30) days of the decisions as required by federal law. Defendant's actions were in derogation of Plaintiff's rights pursuant to law. These actions also constituted an abuse of discretion by: 1) not properly interpreting plan terms that are not ambiguous; 2) exercising discretion over non-

discretionary plan terms; and 3) denying Plaintiff payment and benefits under the plan terms. Plaintiff has exhausted its administrative remedies by following the NSA's procedures and obtaining IDR awards.

81. Defendant's denial of payment and benefits upon the finality of the IDR determinations was not a substantially justified decision, was arbitrary and capricious, was unsupported by substantial evidence, constituted abuse of any discretion allowed, and was wrongful under all circumstances.

82. Plaintiff, as assignee, hereby asserts a claim under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1332(a)(1)(B) to enforce its rights under the plan administered by Defendant, and to obtain the plan benefits, by compelling Defendant to use plan funds to pay Plaintiff the IDR award. Pursuant to 29 U.S.C. § 1132(g), Plaintiff further seeks an award of reasonable attorney's fees and costs incurred in bringing this action.

## COUNT FOUR

## UNJUST ENRICHMENT

77. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 76 of the Complaint as though fully set forth herein.

78. Defendant received the benefit of the medical services Plaintiff provided to its beneficiaries during the performance of the underlying medical services. In many situations, lives were saved or more serious conditions avoided (and thus the costs associated therewith). These medical services were provided at Plaintiff's expense and under circumstances that would make it unjust for Defendant to retain the benefit without commensurate compensation.

79. Defendant had reasonable notice that Plaintiff expected payment for the benefit conferred as it received an invoice for the services provided. Defendant appreciates, realizes and

knows that the benefit was conferred because it issued an explanation of benefits. Thus, there was a direct connection between Plaintiff's impoverishment and Defendant's enrichment.

80. The dispute over the value of the benefits received was resolved in accordance with the IDR procedure in the NSA, which required payment within thirty (30) days of the IDR decisions being issued.

81. Defendant continued to improperly retain the required payments for the service provided past thirty days, which allowed it to become further unjustly enriched by receiving interest and/or investment income because of the unlawful retention of the funds, which were unquestionably owed to Plaintiff.

82. Plaintiff hereby seeks payment of the Awards as well as all benefits obtained by Defendant because of not timely paying the Awards, including without limitation the interest or investment income generated by such funds.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant as follows:

a. Enforce the IDR determinations and issue judgment for the total amounts outstanding plus pre- and post-judgment interest per 28 U.S.C. § 1961;

b. Confirm the arbitration award issued under DISP-1424797;

c. Confirm the arbitration award issued under DISP-1516080;

d. Confirm the arbitration award issued under DISP-1296241;

e. Confirm the arbitration award issued under DISP-1751208;

f. Confirm the arbitration award issued under DISP-2044505;

g. Award Plaintiff its costs of suit herein and reasonable attorney's fees pursuant to ERISA Section 502(g)(1), 29 U.S.C. § 1132(g);

   h.  Award Plaintiff as damages the return on investment or interest rate realized by Defendant on the amount owed for each IDR award from the 31st day after each decision was issued until the date Plaintiff received payment; and

   i.  Award Plaintiff its attorney's fees, costs, pre- and post-judgment interest, and any and all additional legal or equitable relief to which Plaintiff may be entitled and this Court deems just and proper.

Dated: November 17, 2025  
   Fair Lawn, New Jersey

**GOTTLIEB & GREENSPAN, LLC**  
*Attorneys for Plaintiff*  
By: /s/ Debra A. Clifford  
Debra A. Clifford, Esq.  
17-17 Route 208, Suite 250  
Fair Lawn, New Jersey 07410  
Tel: (201) 478-6653  
dclifford@gottliebandgreenspan.com